UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

MAYER, CYNTHIA                                    Case No. 09-60536
fka CYNTHIA MAYER KRIEGER,                 Chapter 7
                                                                           Hon. Walter Shapero
          Debtor.

_____/

## OPINION DENYING RELIEF FROM STAY

### Background

On February 19, 2008, Cynthia Mayer ("Debtor") filed for divorce from her now former spouse, Norman Krieger.[1] Debtor was represented by Gilbert Gugni ("Gugni") of Giamarco, Mullins and Horton, P.C. ("Giamarco Firm") in the divorce action. After almost a year of litigation, Debtor and Mr. Krieger agreed to arbitrate their issues. They executed a Binding Arbitration Agreement and chose Arnold Garber ("Garber") as the arbitrator. Following completion of the arbitration, Garber issued a Binding Arbitration Report and Award and thereafter, on June 4, 2009, without Debtor's specific consent, the Oakland County Circuit Court entered the Judgment of Divorce ("Judgment") incorporating the provisions of the Binding Arbitration Report and Award. Several provisions thereof related to payment of fees to Gugni and Garber's (who, together with the Giarmarco Firm, are hereinafter collectively referred to as "Creditors"). Debtor filed her Chapter 7 bankruptcy petition on June 30, 2009, scheduling Garber and Giamarco as unsecured creditors in the amounts of $1,475.00 and $32,517.00

---

[1] Oakland County Circuit Court Case No. 2008-743490-DM.

1

respectively. The Creditors filed the pending Motion for Order Modifying the Automatic Stay or in the alternative Abstention Pursuant to § 1334(c)(1) and for Determination that Transfer of Interest in an IRA Under Judgment of Divorce is Not Property of the Estate under § 541(d).

**Discussion**

I. <u>Modification of the Automatic Stay</u>

Creditors first ask the Court to modify the automatic stay to permit the Oakland County Circuit Court to determine their rights under the Judgment. Creditors'(or some of them) argue (1) that under that Judgment, a constructive trust was created in Creditors' favor over Debtor's scheduled Ameriprise/H& R Block IRA accounts valued at $139,758.02 (which she claims are exempt under 11 U.S.C. § 522(d)(12)); (2) that in the Arbitration Agreement, Garber was granted a lien on all of Debtor's assets for payment of his fees; and (3) that Gugni and Giamarco have an attorneys' charging lien on all of Debtor's assets for payment of their fees.

The Judgment, in relevant part, states:

76. IT IS FURTHER ORDERED AND ADJUDICATED that Plaintiff, CYNTHIA KRIEGER, shall forthwith liquidate and turn over Fifty Thousand ($50,000.00) Dollars of her H&R Block IRA accounts (previously awarded to her pursuant to Agreement to Withdraw Retirement Funds signed by the parties effective December 23, 2008) to her attorney, Gilbert Gugni, who shall disburse the funds as follows:

   A. The balance, if any of fees owed by Plaintiff to Arbitrator Arnold Graber, which shall be first paid.
   B. The balance, if any, of the fees owed by Plaintiff to her attorney, Giarmarco, Mullins & Horton, P.C., shall then be paid.
   C. The estimated funds necessary to pay any tax liabilities shall then be paid.
   D. The balance of the funds, if any, shall be paid to Plaintiff.

\* \* \*

109. IT IS FURTHER ORDERED AND ADJUDICATED that if, due to omission

2

> or commission by either party, or the death or disability of either party prior to implementation and satisfaction of all terms of this Judgment, the other party does not receive an asset or other benefit that he/she was intended to receive under the terms of this Judgment, the person or entity that received or holds that asset or benefit shall do so in a constructive trust for the benefit of the party who was the intended recipient of the asset or benefit under this Judgment. The parties intend that this clause be binding on their estates, heirs and assigns.

The Arbitration Agreement states, in pertinent part:

> The parties agree to pay the Arbitrator at the rate of $200.00 per hour for all services rendered, including time spent in preparing the Arbitration Award. An advance payment, payable to Garber & Mayers, P.L.L.C., in the amount of $600.00 from each party shall be paid to the Arbitrator prior to the commencement of the hearing and this amount will be applied toward services rendered. The balance of the Arbitrator's fees, if any, is to be paid as set forth in the Court Order, or by the Arbitrator's Award at the close of the hearing. Counsel for the parties shall be responsible for providing that the fees owing to the Arbitrator are paid forthwith or preserved by any judgment entered. The Arbitrator shall be granted a lien on the parties' property, including real estate, to ensure payment of said fees.

Debtor argues that these various protections or provisions for Creditors' benefit, or that might otherwise arise in equity in Creditors' favor for payment of their fees, are avoidable as preferences, and, therefore the Motion should be denied.

Section 362(d)(1) provides that on request of a party in interest and after notice and a hearing, the Court shall grant relief from the automatic stay, such as by terminating, annulling, modifying, or conditioning such stay "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Because "cause" for relief from the automatic stay is not defined by § 362(d)(1), "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *Laguna Associates L.P. v. Aetna Casualty & Surety. Co. (In re Laguna Associates L.P.)*, 30 F.3d 734, 737 (6th Cir. 1994). "In determining whether cause exists, the bankruptcy court should base its decision on the hardships

3

imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *In re C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995) (citation omitted).

In this case, the Creditors assert cause exists because, since Debtor has claimed that the IRA accounts (which are asserted as the corpus of a constructive trust) are exempt, the prospective relief sought would neither involve property of the estate nor its administration. They further assert that the state court is in a better position to determine its intent from the Judgment of Divorce and specifically whether one or the other of a constructive trust, attorney charging lien, or consensual lien exist. Debtor argues that, even if (1) this Court modified the automatic stay to allow the Creditors to have their rights determined by the state court, and (2) the state court found that a constructive trust, attorney charging lien, and/or consensual lien exists, all of those transfers would be subject to a preference action in this Court.

The Court has concluded that there is not sufficient cause to modify the automatic stay. Hypothetically, if this Court were to grant stay relief, it would only be a matter of time before the parties were before this Court again to determine whether the transfers amount to preferences. That is because alleged preferences of the type involved here are uniquely justiciable in the Bankruptcy Court (even if their ultimate disposition might depend in part on state law). A state court finding that some or all of the claimed liens or trusts exist would only result in partial resolution of the matter because it is the creation or existence of such that are the alleged preferences. In a word, the preference horse should come before the state court cart. Relevant concerns for judicial economy and the expeditious and economical resolution of litigation also favor denying the Motion. In addition, there is also no reason why this Court, incident to deciding the preference issues, cannot then address the relevant state law issues. For those reasons, the Creditors' Motion for Order

4

Modifying the Automatic Stay is denied.

### Abstention Pursuant to § 1334(c)(1)

Creditors alternatively ask this Court to abstain from hearing this matter under 28 U.S.C. § 1334(c)(1). These matters constitute a core proceeding involving "motions to terminate, annul, or modify the automatic stay." 28 U.S.C. § 157(b)(2)(H). As such, permissive abstention is what is involved. In analyzing whether "the interest of justice, or in the interest of comity with State courts or respect for State law" support abstention,

> [c]ourts have listed the following non-exclusive factors as relevant: (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any usual or other significant factors.

*Kmart Creditor Trust v. Conway (In re Kmart Corp.)*, 307 B.R. 486, 596-97 (Bankr. E.D. Mich. 2004 ) (J. McIvor) (citations omitted).

Dealing specifically with the relevant noted factors: (1) efficient administration of the bankruptcy estate will be affected by abstention primarily because, before a definitive result can be reached, litigation would be required in both the bankruptcy and state courts; (2) both state and bankruptcy law are involved, bu the state law issues do not predominate over the bankruptcy issues; (3) there is no indication that there is any difficult or unsettled law involved; (4) a pending state court case is also involved; (5) jurisdictional basis is not an issue or consideration; (6) and (7)

5

neither are particularly relevant in this situation; (8) it is "feasible" to sever the claims in the sense that it is possible to have the state law issues determined in state court, but the bankruptcy court can, and often does, apply state law in bankruptcy cases, and the preference issue is uniquely a bankruptcy one; (9) while this Court's docket is heavy, there is nothing in the record which indicates it could not efficiently dispose of the issues in a timely fashion - keeping in mind that abstention would not lead to disposition of all of the related matters; (10) there is a likelihood that the bankruptcy case filing might have been motivated, at least in part, to deal with the indicated issues, but that must be weighed against all of the other relevant factors; (11) a jury trial is not involved in either court; (12) there are "non-debtor parties present in the bankruptcy case, i.e. the movants, but they are also similarly involved in the state court proceeding; (13) there are no unusual or other significant factors.

On balance, therefore, the factors do not favor abstention. Accordingly, Creditors' Motion for Abstention is denied.

## Property of the Estate under § 541(d)

Section 541(d) states:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Creditors argue that, since $50,000.00 of the Debtor's IRA was impressed with a constructive trust by the state court through the Judgment of Divorce, that property is excluded from the Debtor's estate under § 541(d). Since the constructive trust issue has yet to be determined, the Court cannot

6

decide this issue at this time.

## Conclusion

For the foregoing reasons, the Creditors' Motion for Order Modifying the Automatic Stay or in the alternative Abstention Pursuant to § 1334(c)(1) and for Determination that Transfer of Interest in IRA Under Judgment of Divorce is Not Property of the Estate under § 541(d) is denied. That said, there is a need for expedition in having the preference issues decided. Therefore, the order issued in connection with this opinion will provide time limits within which any related preference action can be filed, absent which, the stay will be lifted.

**Signed on March 05, 2010**

                                                     **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**